UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE LEA NOYER, | No. 2:21-cv-02158 AC |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on January 22, 2020, alleging disability beginning June 28, 2017 due to "bi-polar II," major depressive disorder, anxiety, "back," borderline personality disorder, irritable bowel syndrome, fibromyalgia, and "neck". Administrative Record ("AR") 261-264, 310.[2] The application was disapproved initially and on reconsideration. AR 110-137. ALJ Robert Frank Spaulding held a hearing on July 22, 2021. AR 69-108 (transcript). Plaintiff, who appeared with her counsel Jonathan Pena, was present at the hearing. AR 69. Fred Cutler, a Vocational Expert ("VE"), also testified at the hearing. Id. On August 27, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 15-33 (decision), 34-39 (exhibit list). On October 14, 2021, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on November 22, 2021. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 11 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion). Plaintiff did not file a reply brief.

## II. FACTUAL BACKGROUND

Plaintiff was born on in 1972, and accordingly was, at age 45, a younger person under the regulations, at the alleged disability onset date.[3] AR 123. Plaintiff has a college education. AR 118. Plaintiff worked in public affairs from 2014-2019. AR 134-136. Plaintiff served in the U.S. Military from 2000-2008. AR 261.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF Nos. 8 (AR 1 to AR 1648).
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2024.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since June 28, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the cervical and thoracic spine; chronic posttraumatic stress disorder (PTSD); a moderate, recurrent major depressive disorder; a generalized anxiety disorder; a panic disorder with agoraphobia; an obsessive-compulsive disorder (OCD); alcohol dependance; and benzodiazepine dependance  (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she has the following additional limitations: she should only occasionally climb ramps, stairs, ladders, ropes or scaffolds; she should never crouch or crawl; she should never be exposed to hazards, such as, unprotected heights; she should only occasionally perform overhead reaching; she is limited to goal oriented work but is unable to perform at a production-rate pace (e.g. assembly line work); and she should only occasionally interact with coworkers (but not teamwork or coordinated work) and never interact with the public as an essential function of the job.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born [in 1972] and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).

      9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from June 28, 2017, through the date of this decision (20 CFR 404.1520(g)).

AR 17-33. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 33.

## VI. ANALYSIS

Plaintiff presents two legal issues: (1) "Whether the ALJ 's Rejection of the Opinion of Doctor Odom is Supported by Substantial Evidence" and (2) "Whether the ALJ Failed to Include Work-Related Limitations in the RFC Consistent With the Nature and Intensity of Plaintiff's Limitations, and Failed to Offer Legitimate Reasons for Rejecting Plaintiff's Subjective Complaints." ECF No. 11 at 3.

    A. <u>The ALJ Improperly Rejected Dr. Odom's Medical Opinion</u>

Plaintiff takes issue with the ALJ's treatment of one medical opinion: plaintiff's treating psychiatrist, Dr. Odom. ECF No. 11 at 13-14. The court agrees that the ALJ improperly rejected this opinion.

        1. <u>Opinion of Dr. Odom and Treatment by the ALJ</u>

Plaintiff began seeing Dr. Linda A. Odom, staff psychiatrist at the VA, on July 14, 2020. AR 1423-1424. Plaintiff advised Dr. Odom that medications were having a negative effect on her memory, and she wished to decrease her medications, but also that she experienced numerous panic attacks that scared her. AR 1423. She reported that she took propranolol for anxiety attacks and that the medications made her sleepy. Id. Plaintiff was tearful throughout the exam. AR 1423. She reiterated her desire to wean off pain medications at her August 4, 2020 appointment with Dr. Odom, again reporting cognitive problems. AR 1418. Dr. Odom continued

medications including clonazepam and propranolol as needed. AR 1421. At her next telehealth appointment with Dr. Odom on September 3, 2020, plaintiff reported that she was reducing her pain medications due to her cognitive difficulties. AR 1413. She endorsed ongoing symptoms of depressed and sad mood, poor concentration, insomnia, excessive worry, restlessness, easy fatiguability, panic symptoms, avoidance, hypervigilance, and anger. AR 1413-14. Despite the reduction in some medications plaintiff was ordered a refill of propranolol for use as needed. AR 1416. On November 5, 2020, plaintiff reported to Dr. Odom that she had no benefit in her cognition after reducing her medication. AR 1404. Dr. Odom asked that plaintiff discuss with her therapist ways that she might "stop obsessive anxious thoughts." Id. Plaintiff's mood was anxious, her affect restricted and tearful. AR 1407. Plaintiff continued seeing Dr. Odom and continued to report difficulty with memory. AR 1324, 1468. Plaintiff also reported continuing anxiety and nightmares. AR 1453, 1457, 1460, 1470, 1475. 1453, 1458.

On June 15, 2021, after a year of providing psychiatric care, Dr. Odom completed a medical opinion via a Mental Residual Functional Capacity Questionnaire. AR 1520-1522. The doctor confirmed that she was treating plaintiff for panic disorder, posttraumatic stress disorder and mixed personality disorder. AR 1520. She noted that plaintiff suffered from medication side effects including somnolence, fatigue, lethargy and poor concentration. Id. Dr. Odom opined that as a result of the combination of impairments and medication side effects, plaintiff suffered from marked limitations in the following areas: remembering locations and work-like procedures, maintaining attention and concentration for extended periods of time, performing activities within a schedule, maintaining regular attendance and punctuality within customary tolerances, sustaining an ordinary routine without special supervision, working in coordination with or in proximity to others without being distracted by them, completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable length and number of rest breaks, interacting appropriately with the general public, asking simple questions or requesting assistance, accepting instructions from and responding appropriately to criticism from supervisors, getting along with coworkers or peers without distracting them or exhibiting behavioral extremes, maintaining

7

socially appropriate behavior, responding appropriately to changes in the work setting, being aware of hazards and taking appropriate precautions, traveling to unfamiliar places or using public transportation, and setting realistic goals or making independent plans. AR 1520-21. Dr. Odom further stated that "anxiety worsens the perception of pain and depression leads to pain itself, and pain can lead to depression. Therefore, it is highly likely that all of her anxiety and depression and PTSD symptoms exacerbate her pain." AR 1522. Dr. Odom estimated that plaintiff's condition would cause her to be absent from work 5 days or more per month. AR 1522. Dr. Odom indicated that plaintiff could manage benefit payments. Id.

The ALJ acknowledged Dr. Odom's opinion but found it not persuasive. AR 27-28. The entirety of the ALJ's rationale was: "Dr. Odom's opinion indicating such detailed significant limitations is not supported by the treatment notes from Dr. Odom and the White City, Oregon VA clinic. I also note that Dr. Odom's opinion is internally inconsistent in that she gave the claimant such limiting capability but then indicates the claimant would be able to manage her own benefits. Dr. Odom's opinion is not persuasive." AR 28.

### 2. Rules Governing Consideration of Medical Opinion Testimony

New regulations for evaluating medical opinions apply to claims that were filed after March 27, 2017. Woods v. Kijakazi, 32 F.4th 785, 789 (9th Cir. 2022). Per the revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5844. "The most important factors" the ALJ considers in evaluating medical opinions are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a). "Supportability" is the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." Id. § 404.1520c(c)(1). "Consistency" is the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." Id. § 404.1520c(c)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." Woods, 32 F.4th at 792.

       3.   <u>The ALJ Improperly Rejected Dr. Odom's Opinion</u>

Here, the ALJ's cursory rejection of Dr. Odom's opinion is insufficient. The ALJ stated that the opinion was unsupported by Dr. Odom's own treatment notes and the treatment notes at the White City, Oregon VA clinic, but did not make any specific citations to the asserted inconstancies and they are not apparent from the record. AR 27-28. Nor is it clear why the ALJ concluded that Dr. Odom's statement regarding plaintiff's ability to manage her own funds undercuts the other findings as to plaintiff's limitations. The ability to manage one's own funds is not obviously inconsistent with marked limitations related to engaging and interacting with others, maintaining persistence and pace, traveling, or many of the other limitations Dr. Odom described. AR 1520-1521. The ALJ's rejection of Dr. Odom's opinion is not supported by substantial evidence and is issued in error, requiring remand.

    B.  <u>The ALJ Improperly Rejected Plaintiff's Subjective Testimony</u>

The ALJ improperly rejected plaintiff's subjective testimony regarding her pain and impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. <u>Id.</u> (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." <u>Id.</u> (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." <u>Id.</u> at 1016.

Plaintiff argues that the ALJ failed to set forth reasons, consistent with and supported by

the evidence, for discounting her allegation that mental health symptoms prevented her from sustaining employment. ECF No. 11 at 17. The ALJ ruled that "the objective findings in this case fail to provide strong support for the claimant's position and allegations concerning the nature, intensity, frequency, persistence and limiting effects of her allegedly disabling symptoms and resulting limitations." AR 24. However, the ALJ failed to identify which objective findings within the overall record contradict plaintiff. The ALJ asserted that plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual" but to support this assertion, cited a record from Cheralynn Sabankaya, NCC, LPC, LPCC, which noted that the provider would not schedule the claimant for sessions in the immediate future due to tardiness, no-shows, and last-minute cancelation. AR 26, 1274. This type of notation seems entirely consistent with plaintiff's alleged mental disabilities, which include agoraphobia, anxiety, and obsessive-compulsive disorder. The ALJ also rejected plaintiff's testimony based on her daily activities; specifically, the ALJ cited plaintiff's ability to prepare frozen meals and do laundry every other day. AR 26. Again, neither of these activities are inconsistent with plaintiff's alleged disabilities. Nor are they particularly consistent with an ability to complete a normal workday.

The ALJ's rationale for discounting plaintiff's subjective testimony is legally insufficient. The ALJ failed to describe with any particularly how any of the above listed activities conflict with plaintiff's complaints of chronic pain. "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination." Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4 (C.D. Cal. Sept. 30, 2015). The ALJ's rationale does not suffice.

C. Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. AR 17 at 16. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful;

10

plaintiff's subjective testimony and the medical opinion evidence, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider plaintiff's testimony and the medical opinions.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 23, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE